IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY STRIBLING, § | | |
| TDCJ No. 413816, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:18-cv-1367-B-BN | |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Anthony Stribling, a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 2. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The State filed a response opposing relief, *see* Dkt. No. 9, and Stribling filed a reply brief, *see* Dkt. No. 12. Stribling also filed a motion requesting the Court reassign him to a private prison facility. *See* Dkt. No. 18.

For the reasons explained below, the Court should deny Stribling's federal habeas petition and his motion for prison reassignment.

**Applicable Background**

On January 16, 1986, a jury convicted Stribling of aggravated sexual assault

1

and sentenced him to imprisonment for life. *See* Dkt. No. 10-23 at 21-22. Stribling was released on parole on February 25, 2013. *See* Dkt. No. 9-2 at 14. On September 22, 2016, the Texas Board of Pardons and Paroles (Board) conducted a revocation hearing on allegations that Stribling had violated the conditions of his parole. *See* Dkt. 9-2 at 10-12. At the hearing, Stribling admitted to violating the terms of his parole by failing to abstain from the use of illegal drugs, failing to attend substance abuse treatment counseling program, and failing to participate in a weekly subsidized sex offender treatment program. *See id.* The Board revoked Stribling's parole. *See id.*

On December 21, 2017, Stribling filed a state application for a writ of habeas corpus, arguing he "was not charged in a court of law of a criminal offense against the state of Texas or the United States, and was not admonished of anything," *See* Dkt. 10-23 at 25-42. Additionally, Stribling argued his due process and equal protection rights were violated because his parole was revoked on technical violations and, at most, he should have been sent to an Intermediate Sanction Facility, rather than back to prison. *See id.* On March 21, 2018, the Texas Court of Criminal Appeals ("CCA") denied Stribling's state habeas application without written order. *See Ex parte Stribling*, WR-21,346-10 (Tex. Crim. App. March 21, 2018); *See* Dkt. No. 10-22.

Stribling's federal habeas petition, received on May 30, 2018, states that it was placed in the prison mail system on May 21, 2018. *See* Dkt. 2 at 10. Petitioner claims the following:

(1) His right to due process was violated when he was given "No Admonishment" and "was conspired against and returned to prison [but]

2

        should have been sentenced to intermediate Sanction Facility" because he is a "Technical violator, and did not commit a new offense."

    (2)    He is unlawfully incarcerated in violation of his right to due process and civil rights because his parole was revoked due to technical violations that do not warrant a prison sentence.

*See* Dkt. No. 2 at 6.

## Legal Standards and Analysis

I.    <u>Statute of Limitations</u>

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Stribling filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

    A.    <u>Calculation of One-Year Period</u>

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

>
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See *id.* § 2244(d)(1)(A)-(D).

Stribling is challenging the revocation of his parole, and Section 2244(d)(1)(D) therefore applies to his petition. The limitations period started running when the factual predicate of Stribling's claims could have been discovered through the exercise of due diligence. The limitations period regarding the parole revocation claim started running on the date Stribling's parole was revoked on September 22, 2016. *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir.2010); *Goodwin v. Dretke*, 118 F. App'x. 817, 818 (5th Cir.2004). The present petition was therefore due no later than September 22, 2017, in the absence of tolling provisions. It was not filed until May 21, 2018.

### B.   Statutory Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A state application for collateral review is "properly filed" for purposes of Section 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In other words, "a properly filed [state] application [for collateral review] is one submitted according to the state's procedural requirements." *Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006) (quoting *Lookingbill v. Cockrell*, 293

4

F.3d 256, 260 (5th Cir. 2002)). But a state habeas application filed after the limitations period has already expired does not toll the limitations period. *See Flores v. Quarterman*, 467 F.3d 484, 486 n.2 (5th Cir. 2006).

Because Stribling did not file his state application for habeas relief until December 21, 2017 – 90 days after the limitations period had expired – it did not serve to toll the AEDPA limitations period. It is therefore untimely.

Stribling argues he is entitled to tolling. He claims that he "originally filed or mailed [his state application for habeas corpus] to the state court No. 2 Dallas, Tx. [on] August 7, 2017." Dkt. No. 12 at 3. Stribling provides no evidence in the record to demonstrate that he filed a state habeas application on that date. But he does provide a copy of a letter dated August 15, 2017 from the Dallas County District Clerk. *See* Dkt. 2 at 11. The letter is addressed to Stribling and states that the clerk's office had returned Stribling's "Writ Correspondence ... due to Cause number not provided. Please provide Cause Number in order to process." *Id.* Thus, assuming that Stribling's "Writ Correspondence" was, in fact, a state application for habeas corpus, it was not properly filed in state court, *see Artuz*, 531 U.S. at 8, and did not serve to toll the AEDPA limitations period, *see* 28 U.S.C. § 2244(d)(2).

To the extent that Stribling attempts to demonstrate that three letters he claims to have sent to the Dallas County District Clerk's office, *see* Dkt. No. 2 at 13-16, serve to show he qualifies for statutory tolling, the argument is unavailing. First, Stribling fails to demonstrate that he actually mailed the letters. *See id.* Second, even assuming

5

that the Dallas County Clerk's office received the letters, correspondence of this type does not serve to toll the limitations period. *See* 28 U.S.C. § 2244(d)(2) (stating that tolling of the limitations period requires a "properly filed application for State post-conviction or other collateral review.").

Stribling additionally accuses the Dallas County Clerk's Office of creating an "impediment to filing the application ... in violation of the Constitution or Laws of the United States," Dkt. No. 12 at 8, and seeks tolling of the limitations period on that basis. Stribling's argument fails for a number of reasons. First, Stribling cites no authority to support his claim that the clerk's office improperly failed to file the "Writ Correspondence." Additionally, Stribling acknowledges that he received the Clerk's notice of a deficient "Writ Correspondence" on or before August 21, 2017. *See* Dkt. No. 2 at 13. This was just 14 days after the date that Stribling claims to have filed his original state habeas application. *See* Dkt. No. 12 at 3. Additionally, because Stribling was aware of the deficiency no later than August 21, 2017, he still had 32 days – until September 22, 2017 – to properly file a state habeas application and thereby toll the limitations period. He failed to do so. Stribling is not entitled to statutory tolling.

C.   Equitable Tolling

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional

6

circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented a timely filing. *See Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Stribling bears the burden to show entitlement to equitable tolling. *See Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The United States Court of Appeals for the Fifth Circuit has also explained that, when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *See Coleman*, 184 F.3d at 402.

Stribling appears to contend that his circumstances warrant equitable tolling because he was ill and underwent heart surgery during a portion of the one-year limitations period. He states he was "in transit and in the hospital without his property

7

and sick, the most parts of August and September [2017]." Dkt. No. 2 at 17. But Stribling provides no evidence in the record to support his argument for equitable tolling. He provides no hospital, or rehabilitation facility documentation, or any records demonstrating that he was in transit from one facility to another. Stribling provides only his own assertion that he was incapacitated during August and September 2017. Conclusory allegations and bald assertions are insufficient. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Additionally, although Stribling contends he was "in transit and in the hospital without his property and sick" during parts of August and September 2017, he allegedly submitted a state habeas application on August 7, 2017 and corresponded with the Dallas County District Clerk's office on August 8, 2017 and August 21, 2017. *See* Dkt. 2 at 13-14.

Stribling has not demonstrated "rare and exceptional circumstances" required for equitable tolling. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

Stribling's claims should be barred by the statute of limitations.

II.  <u>Motion for Reassignment</u>

On January 4, 2018, Stribling filed a motion requesting the Court reassign him to a private prison facility. *See* Dkt. No. 18. Because this request falls outside the scope of the Court's habeas review, *see* 28 U.S.C. § 2254(d), this motion should be denied.

8

## Recommendation

The petition for writ of habeas corpus should be denied with prejudice. The motion to be reassigned to a private prison facility should be denied.

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 16, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE